UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 24-cr-00036 (LLA) |
| | : |
| DREW MASON, | : |
| | : |
| Defendant. | : |

GOVERNMENT'S STATEMENT OF OFFENSES
IN SUPPORT OF GUILTY PLEA AND GUIDELINES CALCULATION

I. **Elements of the Offenses**

The essential elements of Count 1, Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), each of which the Government must prove beyond a reasonable doubt, are:

1. The defendant possessed marijuana;

2. The defendant did so with the intent to distribute the marijuana;

3. The defendant did so knowingly and intentionally.

II. **Penalties for the Offense**

The penalty for Count 1, Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) is as follows:

1. a maximum term of imprisonment not greater than five years;

2. a fine not to exceed $250,000;

3. a term of supervised release of at least two years, after any period of incarceration; and

4. a special assessment of $100.

## III. Factual Proffer

Had this case gone to trial, the Government's evidence would prove the following:

On July 13, 2023, at approximately 4:00 PM, Drew Mason was at the Rhode Island Avenue Metro Station wearing a black and gray backpack. Inside the backpack was $607.05 in multiple denominations, a large plastic bag containing 3.704 ounces of marijuana, nine pre-packaged bags in various "flavors" labeled "Cannabis Flower," each weighing 0.125 ounces (for a total of 1.125 ounces), multiple smaller clear plastic bags, and a digital scale. Additionally, inside the backpack was an explosive device, which contained 6.2 grams of flash powder in a sealed cardboard tube, with a fuse on the end.

Mr. Mason was aware of each item in his backpack and possessed those items knowingly. Additionally, Mr. Mason possessed the marijuana with the intent to distribute it, and not solely for personal use.

The following statement of facts does not purport to include all the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Respectfully submitted,

EDWARD R. MARTIN, JR.
Interim United States Attorney
D.C. Bar No. 481866

/s/ Cameron A. Tepfer
Cameron A. Tepfer
D.C. Bar No. 1660476

Assistant United States Attorney
United States Attorney's Office
601 D. Street, NW
Washington, DC 20579

## DEFENDANT'S ACKNOWLEDGMENT

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement after signing it, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, after it is signed, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 5/20/25

_Drew Mason_
Drew Mason

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate. Further I have discussed with my client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, by signing the Plea Agreement, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement after signing it, or breaches the Plea Agreement.

Date: 5/20/25

Michael Lawlor, Esq.
Counsel for Defendant

4